UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| GERALD WAYNE LEBEAU,<br><br>                Petitioner,<br>vs.<br>UNITED STATES OF AMERICA,<br><br>                Respondent. | 5:19-CV-05011-KES<br><br>REPORT AND RECOMMENDATION |

## INTRODUCTION

This matter is before the court on Gerald Wayne LeBeau's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255. (Doc. 1). The pending matter was referred to this magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the standing order of the Honorable Jeffrey L. Viken, United States District Court Judge.

## BACKGROUND

On August 14, 2015, LeBeau was convicted of three offenses by a jury: (1) possession with intent to distribute cocaine; (2) conspiracy to distribute cocaine; and (3) conspiracy to distribute marijuana[1]. An amended judgment of conviction was filed on November 9, 2015. (Doc. 507). LeBeau timely filed a direct appeal and on August 14, 2017, the Eighth Circuit Court of Appeals affirmed his conviction. (Doc. 552). LeBeau did not file an appeal to the

---

[1] The criminal file is 5:14-cr-50048-KES-1.

Supreme Court of the United States. Ordinarily, Mr. LeBeau's conviction would have become final for purposes of a § 2255 habeas petition on the expiration of his date to appeal to the Supreme Court of the United States, *i.e.* 90 days following the Eighth Circuit Court of Appeal's judgment affirming the District Court. Mr. LeBeau's conviction would have then become final on November 12, 2017. However, Justice Gorsuch granted Mr. LeBeau a 60-day extension of time to file a petition for writ of certiorari with the Supreme Court of the United States.[2]

As such, Mr. LeBeau's conviction became final when he did not file an appeal to the Supreme Court of the United States on January 11, 2018. Mr. LeBeau had one year to file his present § 2255 habeas petition. As such, the deadline for filing the present habeas petition was January 11, 2019. Mr. LeBeau's present § 2255 habeas petition was not filed until January 30, 2019, or 19 days after the deadline had expired.[3] The court received LeBeau's habeas

---

[2] Gerald Wayne LeBeau v. United States, Application No. 17A599, https://www.supremecourt.gov/search.aspx?filename=/docket/docketfiles/html/public/17a599.html.

[3] Federal prisoners are afforded the benefit of the "mailbox rule" regarding timely filing of § 2255 petitions. The § 2255 habeas petition will be deemed "filed" the day it is placed into the prison mailing system. However, if the prison has a system designed for legal mail, the inmate must use that system to receive the benefit of the mailbox rule. Rules Governing § 2255 Cases, Rule 3. Mr. LeBeau certified that his petition was placed into the prison mailing system on January 30, 2019. (Doc. 1 at p. 13). However, a subsequent pleading filed by LeBeau undermines the credibility of this. At Doc. 21, p. 7, he explains that "Believing he would be departing USP Yazoo immediately, the Petitioner pre-dated his § 2255 habeas petition as January 30th, 2019 before placing it into his personal property. The Petitioner believed he would be receiving his personal property upon arrival at his designated facility in Coleman, Florida. However, he was not transported out of USP Yazoo

petition on February 20, 2019. (Docs. 1, 2). After the petition was untimely filed, LeBeau moved the court for an extension of sixty days to file his petition. (Doc. 4). In the motion, LeBeau stated that he had been in transit to a different correctional facility and although he had recently arrived, his property had not. The extension motion was dated February 18, 2019, and received by the court on February 25, 2019. LeBeau then filed an amended § 2255 habeas petition on May 15, 2019. (Doc. 25).

The United States filed an answer and motion to dismiss the petition on the grounds that the petition was untimely filed and therefore, LeBeau failed to state a claim for relief and/or that this court lacked subject matter jurisdiction. (Doc. 9). On November 22, 2019, the court entered an order to show cause directing LeBeau to show cause as to why his § 2255 motion should not be dismissed as untimely. (Doc. 16). LeBeau moved the court for an extension of time to file his response and the court granted the motion setting the deadline to respond to January 12, 2020. (Docs. 17, 19).

LeBeau filed his responses to the order to show cause on January 28, 2020. (Docs. 21, 22). Other non-responsive pleadings were also received from LeBeau during this time frame.[4] On July 13, 2020, LeBeau filed a

---

until January 31st, 2019." It appears that LeBeau may not have mailed the petition until sometime in February 2019.

[4] On March 11, 2020, LeBeau objected to the government's motion to file affidavits. (Doc. 23). LeBeau also filed a motion to amend his § 2255 petition on April 9, 2020 (Doc. 24), as well as a "Supplement Motion for Supporting Facts" on May 15, 2020 (Doc. 25). Neither of these two pleadings address the timeliness issues, but instead raise additional arguments regarding the substance of his § 2255 petition.

3

supplemental response regarding equitable tolling.  (Doc. 26).  Another supplemental pleading from LeBeau was filed on June 22, 2021.  (Doc. 27).

## DISCUSSION

The statute of limitations for § 2255 motions is as follows:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

See 28 U.S.C. § 2255(f).

Of the four specified dates listed in § 2255(f), only one is relevant here- "the date on which the judgment of conviction becomes final." Id.  A judgment is deemed final "where the judgment of conviction was rendered, the availability of appeal exhausted, and the time for petition for certiorari had elapsed [or a petition for certiorari finally denied…]." United States v. Johnson, 457 U.S. 537, 543, n. 8 (1982) (citation omitted); see also Clay v. United States, 537 U.S. 522, 527 (2003) (for the purpose of starting § 2255's one-year limitation period, "[f]inality attaches when [the Supreme] Court affirms a conviction on the merits on direct review or denies a petition for a writ of

4

certiorari, or when the time for filing a certiorari petition expires."). The time for filing a petition for certiorari is 90 days after entry of the court of appeals' judgment. Clay, 537 U.S. at 525.

     As noted above, LeBeau's conviction became final when he did not file an appeal to the Supreme Court of the United States on January 11, 2018.  Mr. LeBeau had one year to file his present § 2255 habeas petition.  As such, the deadline for filing the present habeas petition was January 11, 2019.  Mr. LeBeau's present § 2255 habeas petition was not filed until January 30, 2019. (Doc. 1).  Initially, LeBeau conceded that his petition was untimely by nineteen days.  (Doc. 21 at p. 2).  However, for the first time, in his supplemental brief dated July 13, 2020, LeBeau asserts that his petition was not untimely because his one-year deadline to file should have been in February of 2019. (Doc. 26).  In support of this, LeBeau states that he filed a second request for an extension of time to the Supreme Court and that Justice Gorsuch denied the motion on an unknown date in February of 2018.  (Doc. 26 at p. 2). LeBeau's assertion was not made under penalty of perjury, nor is it supported by any evidence.  LeBeau cites "See DE 3-4" as support for the assertion that he made a request for and was denied an extension.  (Doc. 26 at p. 2). However, no such attachment exists.  Furthermore, a review of the file before the United States Supreme Court does not contain any evidence of the claimed continuance or denial.  This court rejects LeBeau's unsupported assertion that he requested a second extension and was denied the same.  Therefore, LeBeau's petition must be dismissed absent equitable tolling.

5

## I. Equitable Tolling

In the Eighth Circuit, the doctrine of equitable tolling applies to § 2255 motions. United States v. Martin, 408 F.3d 1089, 1092 (8th Cir. 2005). Equitable tolling is an extraordinary remedy used only in rare circumstances and "affords the otherwise time-barred petitioner an exceedingly narrow window of relief." Jihad v. Hvass, 267 F.3d 803, 805 (8th Cir. 2001); United States v. Riggs, 314 F.3d 796, 799 (5th Cir. 2002). " '[A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes.' " Jihad, 267 F.3d at 806 (quoting Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)).

Equitable tolling is only applicable in two instances: "(1) if there are extraordinary circumstances beyond a movant's control that would keep him from filing in a timely fashion or (2) if the government's conduct 'lulled' the movant into inaction through reliance on that conduct." United States v. Hernandez, 436 F.3d 851, 858 (8th Cir. 2006) (internal citations omitted). "Equitable tolling only applies when the circumstances that cause the delay in filing are 'external to the plaintiff and not attributable to his actions.' " Id. at 858 (citing Maghee v. Ault, 410 F.3d 473, 476 (8th Cir. 2005)) (additional citations omitted). Further, [t]he petitioner must also demonstrate that he acted with due diligence in pursuing his [§ 2225] petition. E.J.R.E. v. United States, 453 F.3d 1094, 1097 (8th Cir. 2006).

The burden is on Mr. LeBeau to demonstrate circumstances exist which would justify equitable tolling. Id. LeBeau sets forth several grounds for equitable tolling. (Doc. 21 at pp 3-4). First, LeBeau argues that he filed a series of motions in his criminal file[5] in the summer and fall of 2018, including a motion to correct (Doc. 558), a motion for return of property (Doc. 559), a motion to compel the government to respond (Doc. 560), a motion requesting a remedy for destroyed property (Doc. 568), and a motion for legal advice from the court (Doc. 568). These pleadings all contained LeBeau's handwritten address as Yazzo, Miss. LeBeau does not provide any explanation regarding why he was able to prepare and file the above-described pleadings and not a § 2255 petition during the same relevant time period. The only explanation for the delay as offered by LeBeau is that he was an inmate at USP Yazoo, Mississippi during the month of December 2018, and due to a hurricane that struck the state of Florida, federal inmates at FCI Merianna were transported to USP Yazoo. (Doc. 21 at pp. 6-8). LeBeau believed that this would cause him to be redesignated to other federal facilities throughout the country. Id. LeBeau concedes that he was not transported out of Yazoo until January 31, 2019. Id. at p. 7. However, he states that he was without his personal property, in lockdown status, restricted to his housing unit and had no access to the law library. Id. LeBeau's remaining explanations are relevant to the time period *after* the filing deadline had passed. (Doc. 21 at p. 8; Doc. 22). Giving petitioner the benefit of the doubt, LeBeau provides an explanation for

---

[5] Criminal file5:14-cr-50048-KES-1.

7

the last 42 days of the filing time period; however, he offers no explanation for the preceding 323 days. The exhibit LeBeau attached to his brief demonstrates that from July 3, 2018, until January 31, 2019, he was housed at Yazoo, Mississippi. (Doc. 22 at p. 6).

### A. Extraordinary Circumstances

"The extraordinary circumstance that prevents a petitioner from filing his federal application must be external to the petitioner and not attributable to his actions." Johnson v. Hobbs, 678 F.3d 607, 610 (8th Cir. 2012). A petitioner's *pro se* status and failure to follow the rules does not constitute extraordinary circumstances. Id. Nor does lack of legal knowledge. Maghee v. Ault, 410 F.3d at 476-77; Shoemate v. Norris, 390 F.3d 595, 598 (8th Cir. 2004). Lack of access to legal research materials or legal assistance is not, in and of itself, grounds for equitable tolling, but may suffice for tolling only if the petitioner can demonstrate *how* lack of access hindered his efforts to pursue his claim. Finch v. Miller, 491 F.3d 424, 427 (8th Cir. 2007). Here, LeBeau provides no explanation of how being on lockdown prevented him from continuing work on the motion, thus prejudicing him in meeting the one-year limitations deadline.

In the case of Muhammad v. United States, a § 2255 petitioner argued that a five-month detention in the Special Housing Unit constituted extraordinary circumstances warranting the application of equitable tolling. 735 F.3d 812 (8th Cir. 2013). The Eighth Circuit held:

> While we do not foreclose the possibility that another movant might be able to show how the conditions of his confinement

8

> constitute an extraordinary circumstance warranting the
> application of equitable tolling, [petitioner] fails to demonstrate
> how his five months of special confinement prevented him from
> meeting the one-year statute of limitations. He acknowledges that
> he was able to send letters during his confinement which suggests
> he had access to paper and writing implements. He does not claim
> that he was prohibited from contacting the court or was denied any
> mail sent from the court. Although he claims that he was not
> allowed access to the prison's law library during this special
> confinement, we have recognized that equitable tolling was not
> proper when an unrepresented prisoner claimed lack of legal
> resources. Accordingly, we agree with the district court that
> [petitioner's] five-month confinement in the Special Housing Unit
> does not constitute an extraordinary circumstance warranting the
> application of equitable tolling.

Muhammad, 735 F.3d at 815 (internal citations omitted). In recent years, several courts have addressed claims of equitable tolling due to prison lockdowns and the closure of prison law libraries as a result of COVID-19. Those courts[6] have held that petitioners are not entitled to equitable tolling if there is no evidence that they diligently pursued their right to file a § 2255 motion prior to being lockdown.

### B.    Due Diligence

The Holland Court held that a petitioner must establish "reasonable diligence" in pursuing his federal habeas rights, not "maximum feasible diligence." Holland v. Florida, 560 U.S. 631, 653 (2010).

The Eighth Circuit has summarized what does and does not constitute due diligence on the part of the petitioner:

> A petitioner acts with diligence when, for example, he writes letters
> to his attorney asking her to file a habeas petition, contacts the

---

[6] See United States v. Thomas, No. CR18-135, 2020 WL 7229705, at *2 (E.D. La. Dec. 8, 2020); United States v. Barnes, No. 18-CR-0154-CVE, 2020 WL 4550389, at *2 (N.D. Okla. Aug. 6, 2020).

9

> court to learn about the status of his case, seeks to have his attorney removed for failure to pursue his case, and files a pro se petition the very day that he learns it is late. In contrast, a petitioner does not act diligently when he simply assumes that his attorney is working on his case even though she does not respond to his communication and hangs up on him when he calls.

See Williams v. Kelley, 830 F.3d 770, 773 (8th Cir. 2016).

In one case, where the petitioner was prevented from filing for three months due to his medical status (he was placed on suicide watch), the court held no extraordinary circumstances were presented because petitioner failed to show why he could not have filed in the nine months remaining of the limitations period. Gordon v. Arkansas, 823 F.3d 1188, 1195-96 (8th Cir. 2016). See also Nelson v. Norris, 618 F.3d 886, 892-93 (8th Cir. 2010) (petitioner failed to demonstrate due diligence when he failed to take any action for nine months).

In another case, a petitioner wrote a letter to the court six weeks before the AEDPA limitations period was going to expire, asking to speak to his public defender about some matters unrelated to filing a federal habeas petition. English v. United States, 840 F.3d 957, 959 (8th Cir. 2016). No habeas petition was filed. Id. The petitioner waited another six months before filing the petition on his own. Id. The court held the petitioner did not act with due diligence. Id.

Here, LeBeau is completely silent as to what actions he took prior to the 42 days in which he asserts he was in lockdown and without his personal property. The pleadings in his underlying criminal file show that on June 25, 2018, Mr. LeBeau filed a motion requesting that the court review the

magistrate judge's report and recommendation regarding the suppression issues raised pretrial. (Doc. 558). The court filed an order denying the motion and explained that it previously ruled on all objections which were raised to the report and recommendation. (Doc. 563). Also on June 25, 2018, LeBeau filed a motion for return of property which was granted in part and denied in part. (Docs. 559, 565). On July 6, 2018, LeBeau filed a motion to compel his former attorney to produce his client file. (Doc. 560). LeBeau specifically acknowledged that he needed the files to prepare his § 2255 motion and that he was aware of the one-year filing deadline. (Doc. 560). On July 12, 2018, the court denied the motion based on a pleading filed by LeBeau's former attorney stating that he previously provided a complete copy of the file to LeBeau. On September 14, 2018, LeBeau filed a pleading advising that his son was authorized to pick up his personal property. (Doc. 566). On October 25, 2018, LeBeau moved the court to order the government respond to the suppression motion which was raised pretrial and requested that the court rule on the suppression motion. (Doc. 567). On the same date, LeBeau made a motion for legal advice asking about reimbursement for his computer which was destroyed. (Doc. 568). On October 26, 2018, the court denied the motions and again informed LeBeau that the court previously ruled on the suppression motion in its order at Docket 324. (Doc. 569). LeBeau's filings make it clear that he was aware of the ability to file a § 2255 habeas action and that he knew there was a one-year filing deadline from the date that his judgment was final. (Doc. 560 at p. 2). Despite this knowledge, his filings during the relevant time

11

period involve asking the court to rule on a moot suppression issue, as well as litigating the return of personal property. The court finds that this does not constitute due diligence. Furthermore, the court finds that a single motion filed six months before the habeas filing deadline asking that his attorney produce client files does not constitute due diligence.

The court concludes that LeBeau has not established there were any extraordinary circumstances beyond his control that despite his due diligence, prevented him from timely filing his § 2255 motion. Because the initial motion is untimely filed, his proposed supplemental motions are also untimely.

## CONCLUSION

Based on the foregoing facts, law and analysis, this court respectfully recommends that Mr. LeBeau's § 2255 motion to vacate, set aside, or correct his sentence (Doc. 1) be denied with prejudice as untimely. It is further recommended that the United States' Motion to Dismiss (Doc. 9) be granted. The court further recommends that the Government's conditional motion for continuance (Doc. 11) be denied as moot. The court further recommends that no certificate of appealability be issued.

## NOTICE TO PARTIES

The parties have fourteen (14) days after service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained. Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Objections must be timely and specific in order to require de novo review by the

District Court.  Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990); Nash v. Black, 781 F.2d 665 (8th Cir. 1986).

    DATED this 27th day of January, 2022.

                                      BY THE COURT:

                                      DANETA WOLLMANN
                                      United States Magistrate Judge

13