UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| GERALD WAYNE LEBEAU,<br><br>Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | 5:19-CV-05011-KES<br><br><br>ORDER DENYING PETITIONER'S SECOND MOTION FOR EXTENSION, ADOPTING REPORT AND RECOMMENDATION, AND GRANTING MOTION TO DISMISS |

Petitioner, Gerald Wayne LeBeau, filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Docket 1. The United States moves to dismiss the motion for failure to state a claim and for lack of subject matter jurisdiction. Docket 9. The matter was referred to United States Magistrate Judge Daneta Wollmann under 28 U.S.C. § 636(b)(1)(B) and this court's October 16, 2014, standing order. The Magistrate Judge recommends that LeBeau's § 2255 motion be denied with prejudice as untimely. Docket 29 at 12. LeBeau moved for a 30-day extension of the deadline to file objections, which this court granted, setting a new objection deadline of March 14, 2022. Dockets 30, 31. LeBeau now moves for another 30-day extension of the objection deadline. Docket 32. For the following reasons, the court denies LeBeau's second motion for an extension, adopts the Magistrate Judge's report and recommendation in full, and grants respondent's motion to dismiss.

**FACTUAL BACKGROUND**

LeBeau was convicted of possession with intent to distribute cocaine, conspiracy to distribute cocaine, and conspiracy to distribute marijuana on August 14, 2015. CR Docket 467.[1] An amended judgment of conviction was filed on November 9, 2015. CR Docket 507. LeBeau appealed his conviction, and the Eighth Circuit Court of Appeals affirmed his conviction on August 14, 2017. CR Docket 552. LeBeau moved for an extension of time to file a petition for writ of certiorari with the Supreme Court. *See Gerald Wayne LeBeau, Applicant v. United States*, Supreme Court of the United States, https://www.supremecourt.gov/search.aspx?filename=/docket/docketfiles/html/public/17a599.html (last visited March 17, 2022). Justice Gorsuch granted this motion, extending LeBeau's time to file a petition for writ of certiorari until January 11, 2018. *Id.* But then LeBeau did not file a petition for a writ with the Supreme Court.

LeBeau filed this motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 on January 30, 2019.[2] Docket 1 at 14. Respondent

---

[1] Within this order, the court cites to documents in LeBeau's civil § 2255 case by citing the court's docket number for that document. The court will cite to "CR" when citing to documents filed in LeBeau's criminal case found at *United States v. LeBeau*, 5:16-14-50048-KES-1.

[2] Under the prison mailbox rule, § 2255 motions are filed on the day they are placed into the prison mailing system. Rule 3(d), Rules Governing § 2255 Proceedings. LeBeau certified that he placed his motion into the prison mailing system on January 30, 2019. Docket 1 at 13. But in a later filing, LeBeau explained that he predated his motion before placing it in his personal property upon belief that he would be transferred to a new facility. Docket 21 at 7. This transfer began on January 31, 2019, suggesting that LeBeau did not place his

filed a motion to dismiss LeBeau's motion for failure to state a claim for relief and for lack of subject-matter jurisdiction. Docket 9. Respondent argues that LeBeau's motion is untimely because it was filed after the one-year limitation period under 28 U.S.C. § 2255(f). Docket 10 at 3-7. LeBeau claims that equitable tolling should apply to the one-year limitation period because he alleges that extraordinary circumstances prevented him from timely filing his motion and that he pursued his rights diligently. Docket 21 at 2-9. The Magistrate Judge, in her report and recommendation, recommends that the motion be dismissed because the circumstances that LeBeau alleges do not justify equitable tolling. Docket 29 at 7-12.

## DISCUSSION

I. **LeBeau's Motion for an Extension of Time to File Objections**

LeBeau moves for a second 30-day extension of the time to file objections to the Magistrate Judge's report and recommendation. Docket 32. In a supplemental brief dated July 13, 2020, LeBeau argues that his motion was not untimely because he filed a second request for an extension of time to file a petition for writ of certiorari with the Supreme Court, which was denied on an unknown date in February of 2018. Docket 26 at 2. He also argues that this denial of his request for an extension pushed his one-year § 2255 motion deadline back until the same unknown date in February 2019, one year from the denial. *Id.* Now, he claims that his Supreme Court docket sheet is

---

motion into the prison mailing system until February. *See id.* This court received LeBeau's § 2255 motion on February 20, 2019. Docket 1.

3

necessary to complete his objections because it will show that he filed a second request for an extension from the Supreme Court. *See* Docket 32 at 1-2.

LeBeau's argument fails for two reasons. First, he puts forth no evidence that the requested extension and denial occurred. LeBeau cites to "DE 3-4" to support his claim, but he has filed no documents or attachments with this label. *See* Docket 26 at 2. Further, the publicly available Supreme Court docket sheet shows that LeBeau's only request for an extension of time was granted by Justice Gorsuch, but no subsequent request was made or denied. *See Gerald Wayne LeBeau, Applicant v. United States*, Supreme Court of the United States, https://www.supremecourt.gov/search.aspx?filename=/docket/docketfiles/html/public/17a599.html (last visited March 17, 2022).

But even if LeBeau's allegation were true, his one-year § 2255 motion deadline would still be January 11, 2019, one year from the expiration of his granted Supreme Court extension. Under 28 U.S.C. § 2255(f)(1), the limitation period relevant to LeBeau's motion runs from "the date on which the judgment of conviction becomes final[.]" "Finality attaches when [the Supreme] Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or *when the time for filing a certiorari petition expires*." *Clay v. United States*, 537 U.S. 522, 527 (2003) (emphasis added). LeBeau's time to file a certiorari petition expired on January 11, 2018. Regardless of whether a request to extend this deadline was made and denied, the deadline would have been January 11, 2018. LeBeau's argument would only have merit if his

4

request to extend his deadline were granted, which he does not contend. *See* Docket 26 at 2.

LeBeau asks this court for a second extension in order to find a publicly available Supreme Court docket sheet that does not provide evidence of a request for an extension that he alleges he submitted. Further, even if he had requested this extension, it would have no impact on his case because he admits the extension request was denied. Thus, this court denies LeBeau's request for an extension of the time to file objections to the Magistrate Judge's report and recommendation.

## II.    Respondent's Motion to Dismiss

Respondent argues that LeBeau failed to timely file his motion under 28 U.S.C. § 2255(f). Docket 10 at 3-7. The Magistrate Judge recommends that this court grant respondent's motion to dismiss because LeBeau's motion is untimely. Docket 29 at 7-12. LeBeau has not filed objections to Magistrate Judge Wollmann's report and recommendation. After de novo review of the record, this court adopts the Magistrate Judge's report and recommendation.

LeBeau argues that the one-year statute of limitations should be equitably tolled because of a hurricane that struck his facility in December 2018, restricting his access to the prison law library and to his partially prepared § 2255 motion. Docket 21 at 6-8. "The one-year statute of limitation may be equitably tolled 'only if [the movant] shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing.' " *Muhammad v. United States*,

735 F.3d 812, 815 (8th Cir. 2013) (alteration in original) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)). The Magistrate Judge explains that the hurricane may have impeded LeBeau's ability to file his § 2255 motion in "the last 42 days of the filing time period; however, he offers no explanation for the preceding 323 days." Docket 29 at 7-8. Further, LeBeau filed several motions in his criminal case during the one-year period, including one that referenced the one-year filing deadline. *See* CR Dockets 558, 559, 560 at 2. The Magistrate Judge explains that this merely shows LeBeau's awareness of the deadline, not that he was diligent in pursuing habeas relief. Docket 29 at 10-12.

  This court agrees with the Magistrate Judge's report and recommendation. LeBeau cannot show extraordinary circumstances because the circumstance he alleges, the hurricane, only interfered with his ability to file his § 2255 motion during a small portion of the one-year period. He also cannot show due diligence because he was aware of the one-year deadline and put most of his efforts during that period toward litigating already-settled issues in his criminal case. Respondent's motion to dismiss is granted.

  Thus, it is ORDERED:

  1. That LeBeau's motion for an extension of time (Docket 32) is denied.

  2. That respondent's motion to dismiss (Docket 9) is granted. LeBeau's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (Docket 1) is dismissed with prejudice.

3. That the Magistrate Judge's report and recommendation (Docket 29) is adopted in full.

4. That respondent's motion for conditional continuance to file affidavits (Docket 11) is denied as moot.

5. That LeBeau's miscellaneous motions (Dockets 4, 24, 27) are denied as moot.

DATED March 21, 2022.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE